IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| RICKY LEE HOLLY, )<br><br>                    Plaintiff, )<br><br>v.  )<br><br>THOMAS CHRISTENSEN, et al., )<br><br>                    Defendants. ) | **Case No. 07cv729 (RJL)** |

**DEFENDANT GEORGE SNYDER'S**
**MOTION TO DISMISS, OR, ALTERNATIVELY, TO TRANSFER VENUE**

Defendant George Snyder ("Snyder"), by and through counsel, moves the Court to dismiss this action pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction. Alternatively, Snyder moves the Court to transfer this action to the United States District Court for the Eastern District of North Carolina pursuant to 28 U.S.C. § 1404.

In support of these motions, Snyder is filing his Memorandum of Points and Authorities, and a proposed Order.

This the 19th day of July, 2007.

_Paul A. Kaplan_
_____
Paul A. Kaplan (D.C. Bar No. 243394)
Womble Carlyle Sandridge & Rice, PLLC
1401 Eye Street, NW, Seventh Floor
Washington, D.C. 20005
Telephone No.: (202) 467-6900

**Attorney for Defendant George Snyder**

**CERTIFICATE OF SERVICE**

I hereby certify that on July 19, 2007, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system, which will send a copy to the following:

Paul E. Poirot, Esquire
*Attorney for Plaintiff*


Paul A. Kaplan (D.C. Bar No. 243394)
Womble Carlyle Sandridge & Rice, PLLC
1401 Eye Street, NW, Seventh Floor
Washington, D.C.  20005
Telephone No.:  (202) 467-6900

**Attorney for Defendant George Snyder**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RICKY LEE HOLLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Case No. 07cv729 (RJL)** |
| v. | ) | |
| | ) | |
| THOMAS CHRISTENSEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF DEFENDANT GEORGE SNYDER'S
## MOTION TO DISMISS, OR, ALTERNATIVELY, TO TRANSFER

Counsel for Plaintiff Ricky Lee Holly ("Holly") filed this action alleging a violation of his rights under the First, Fifth, and Eighth Amendments to the United States Constitution.  In addition to suing Federal Bureau of Prisons employees Thomas Christensen ("Christensen") and Harley Lappin ("Lappin"), Holly has sued Willie Scott ("Scott") and George Snyder ("Snyder"), the former and current warden, respectively, of Rivers Correctional Institution ("RCI").  Snyder now files the present brief in support of his Motion to Dismiss and Motion to Transfer.

## ARGUMENT

The Court should dismiss Holly's claims against Snyder due to a lack of personal jurisdiction over Snyder.  In the event the Court deems that this action should not be dismissed, the action should be transferred to the United States District Court for the Eastern District of North Carolina as the balance of the private and public interests weigh in favor of the transfer of this action.

I.    **THE COURT SHOULD GRANT SNYDER'S MOTION TO DISMISS**
      **AS THIS COURT LACKS PERSONAL JURISDICTION OVER SNYDER.**

Holly has failed to establish that this Court has personal jurisdiction over Snyder.  In order for personal jurisdiction to exist, Snyder must consent to this Court exercising personal jurisdiction over him – which he has not – or Holly must establish that this Court's exercise of jurisdiction over Snyder meets the requirements of the District of Columbia's long-arm statute and the Due Process Clause of the Fifth Amendment.  *See United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995).  This Court has recently reviewed the standard for exercising jurisdiction over an out of state defendant such as Snyder:

> According to Rule 12(b)(2) of the Federal Rules of Civil Procedure, the plaintiff has the burden of proving that the court has personal jurisdiction over the defendant by showing that the defendant purposefully availed himself of the benefits of the forum state by establishing minimum contacts and that the exercise of jurisdiction would comport with notions of fair play and substantial justice. "Bare allegations and conclusory statements are insufficient" to establish personal jurisdiction over a defendant.  The plaintiff must instead "allege specific facts connecting each defendant with the forum state."

*Richards v. Duke University*, 480 F.Supp.2d 222, 229 (D.D.C. 2007) (citations omitted).  In this case, Holly has failed to allege the necessary facts to establish this Court's jurisdiction over Snyder.  Thus, Snyder's Motion to Dismiss should be granted.

A.    **THE DISTRICT OF COLUMBIA CODE DOES NOT**
      **PROVIDE FOR THE EXERCISE OF JURISDICTION OVER SNYDER.**

A number of statutory provisions govern the exercise of jurisdiction by courts within the District of Columbia over individuals situated outside the District of Columbia, none of which apply to Snyder.  As Snyder is an out-of-state party, Holly must establish that Snyder's actions fall within the provisions of D.C. Code § 13-423(a).  In relevant part, § 13-423(a) states:

> (a)    A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's –

2

> (1)    transacting any business in the District of Columbia;
> (2)    contracting to supply services in the District of Columbia;
> (3)    causing tortious injury in the District of Columbia by an act or commission in the District of Columbia;
> (4)    causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia; . . .

D.C. Code §§ 13-423(a)(1)-(4).

This Court has recently discussed whether employees of the GEO Group, such as Snyder, are subject to personal jurisdiction in the District of Columbia under § 13-423. In *Jackson v. Federal Bureau of Prisons*, No. 06-592(GK), 2006 WL 2343938 (D.D.C. 2006) (annexed hereto as Attachment 3), the plaintiff sued the Bureau of Prisons ("BOP"), the BOP director, the GEO Group, and two GEO employees for violations of his rights under the Religious Land Use and Institutionalized Persons Act. *See id.* at *1. Plaintiff asserted that the GEO defendants were subject to personal jurisdiction in the District of Columbia due to the contract between GEO and BOP.

This Court soundly rejected the theory put forward by the plaintiff in *Jackson*. Although GEO and BOP entered into a contract to house D.C. Code offenders at Rivers, "[t]he fact that this agreement was made pursuant to the Revitalization Act or executed within the District of Columbia does not confer personal jurisdiction over out-of-state defendants." *Id.* In this case, similar to the defendants in *Jackson*, "[n]one of the GEO Defendants resides in the District of Columbia. Plaintiff's complaint alleges acts and omissions at the RCI in North Carolina. Plaintiff has not alleged that he suffered an injury in the District of Columbia. The only connection this case has with the District of Columbia is that the BOP is headquartered here. This fact by itself is insufficient to confer personal jurisdiction over the individual defendants.

Accordingly, this court lacks personal jurisdiction over the individual defendants." *Id.* Thus, just as this Court determined that it lacked jurisdiction over the GEO employees in *Jackson*, the Court should determine that it lacks personal jurisdiction over Snyder and dismiss him from this action.

        **B.**    **THE EXERCISE OF PERSONAL JURISDICTION
       OVER DEFENDANT SNYDER DOES NOT
       <u>SATISFY THE REQUIREMENTS OF DUE PROCESS.</u>**

Assuming, for the sake of argument, that the District of Columbia's long-arm statute somehow is found to provide a basis for the exercise of personal jurisdiction, Snyder's Motion to Dismiss should still be granted as the exercise of personal jurisdiction over Snyder would not accord with the Fifth Amendment's Due Process Clause.  In order to meet this standard, the plaintiff must demonstrate that the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).  It is "essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).  "[T]he defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)

Holly's Complaint is devoid of any indication that Snyder has in any way availed himself of the privilege of conducting activities within the District of Columbia such that he should reasonably anticipate being haled into court in the District.  In fact, Snyder's contacts with the District of Columbia are virtually non-existent. (Snyder Aff. ¶ 4.)  Thus, as Holly has failed to

make a showing that Snyder's contacts with the District of Columbia are sufficient to establish

minimum contacts, Snyder's Motion to Dismiss should be granted.

## II.    IN THE ALTERNATIVE, THE COURT SHOULD TRANSFER
##        THIS ACTION TO THE EASTERN DISTRICT OF NORTH CAROLINA.

Alternatively, this action should be transferred to the United States District Court for the

Eastern District of North Carolina for further proceedings.  A District Court has the discretion, in

the interest of justice, to transfer the action to any other judicial district in which the action may

have been brought.  *See* 28 U.S.C. § 1406(a).

This Court has previously determined that the appropriate venue for actions brought by

inmates against The GEO Group, and its predecessor Wackenhut Correctional Corporation, is the

judicial district in which the GEO Group facility is located.  *See Jackson v. Federal Bureau of

Prisons*, No. 06-592(GK), 2006 WL 243494 (D.D.C. 2006) (transferring action to the Eastern

District of North Carolina); *McCullough v. Bureau of Prisons*, No 05CV374(HHK), 2006 WL

667166 (D.D.C. 2006) (annexed hereto as Attachment 4) (transferring an action to the Eastern

District of California); *Rogers v. Federal Bureau of Prisons*, 357 F. Supp. 2d 147 (D.D.C. 2003)

(transferring an action to the Eastern District of California).   In this case, transfer to the United

States District Court for the Eastern District of North Carolina is appropriate because the action

could have been brought in the Eastern District of North Carolina and the balancing of public

and private interest factors counsel for the action to be transferred.

### A.    PLAINTIFF COULD HAVE BROUGHT THIS ACTION
###       IN THE EASTERN DISTRICT OF NORTH CAROLINA.

As this action is based upon federal question jurisdiction, the determination of the venue

in which this action may be brought is determined by the provisions of 28 U.S.C. § 1391(b).

Section 1391(b) provides that

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>
> (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Thus, in order for the action to have initially been filed in the Eastern District of North Carolina the Eastern District of North Carolina must satisfy one of these provisions.

Holly's Complaint is almost exclusively based upon actions which took place at Rivers Correctional Institution, located in Winton, North Carolina. Thus, the Eastern District of North Carolina is a judicial district in which a substantial part of the events or omissions giving rise to Holly's claim occurred. Therefore, this action could have been originally brought in the Eastern District of North Carolina.

### B.    THE PUBLIC AND PRIVATE INTERESTS WEIGH IN FAVOR OF TRANSFERRING THIS ACTION TO THE EASTERN DISTRICT OF NORTH CAROLINA.

After establishing that this action could have been brought in another judicial district, the Court must consider whether a series of private and public interest factors indicate that it would be in the interest of justice and convenience of the parties to transfer this matter. *See Lentz v. Eli Lilly & Co.*, 464 F. Supp. 2d 35, 36 (D.D.C. 2006). In this case, both the private and public interest factors weigh in favor of transferring this action to the Eastern District of North Carolina. Thus, in the event the Court does not dismiss this action, Snyder's Motion to Transfer should be granted.

6

1.     THE PRIVATE INTEREST FACTORS WEIGH
       IN FAVOR OF TRANSFERRING THIS ACTION

A multi-factor test is used to determine whether the private interests weigh for or against transfer: (1) the plaintiff's choice of forum; (2) the defendant's forum choice; (3) where the claim arose; (4) the convenience of the parties; (5) the convenience of the witnesses to the extent that they may be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof. *Id.* at 37.

a.     The District Court for the District of
       Columbia has limited interest in this action.

Courts typically accord significant deference to a plaintiff's choice of forum. *See Reiffin v. Microsoft Corp.*, 104 F. Supp. 2d 48, 52 (D.D.C. 2000). However, in this case, based upon the address listed in the Complaint, Holly has chosen to litigate this action in a jurisdiction other than his home forum; thus, his choice of forum is entitled to "substantially less deference."[1]  *Id.* Additionally, the operative facts in this matter appear to have happened in North Carolina, not the District of Columbia.  (Compl. *passim.*) The only connection that the District of Columbia appears to have to this action is that Holly's incarceration at Rivers was based upon a violation of District of Columbia law.  (Compl. ¶¶ 19-20.)  Thus, the District of Columbia has only a very limited interest in this action.

b.     The District Court for the Eastern District of
       North Carolina has a strong interest in this matter.

Unlike the District of Columbia, the Eastern District of North Carolina has numerous and substantial connections to this matter: the vast majority of the operative facts in this case took place at Rivers Correctional Institution, located in the Eastern District of North Carolina

---

[1]     While Holly has retained counsel located in the District of Columbia, the presence of counsel in a particular forum is of little to no weight in the determination of whether the forum is the appropriate venue.  *See McClamrock v. Eli Lilly & Co.*, 267 F. Supp. 2d 33, 40-41 (D.D.C. 2003).

(Compl *passim.*); the majority of the non-party fact witnesses are in or near the Eastern District of North Carolina (Schultz Aff. ¶¶ 19-20, annexed hereto as Attachment 1); Snyder is a resident of the Eastern District of North Carolina (Snyder Aff. ¶ 3, annexed hereto as Attachment 2); it can be assumed that Defendant Scott was at one time a resident of the Eastern District of North Carolina; Holly's records are maintained at Rivers Correctional Institution (Snyder Aff. ¶ 5).

    c. <u>Holly's claim arose in the Eastern District of North Carolina.</u>

   At the core of Holly's Complaint are the allegations that while he was incarcerated in the Eastern District of North Carolina, Rivers Correctional Institution staff retaliated against him for filing a lawsuit in the Eastern District of North Carolina. (Compl. *passim.*)  While Holly alleges that Defendants Christensen and Lappin are located in the District of Columbia, the allegations regarding Defendants Christensen and Lappin also arise out of the events at Rivers.  Thus, as Holly's claims all arose out of actions in the Eastern District of North Carolina, this action is more appropriately heard in the Eastern District of North Carolina.

    d. <u>Convenience of the Parties.</u>

   Holly and Defendants Christensen, Lappin, and Snyder are located in various locations along the East Coast of the United States.[2]  Thus, regardless of whether the action is ultimately heard in North Carolina or the District of Columbia, several of the parties will be inconvenienced.  Thus, this factor should be considered neutral in the court's analysis of the appropriate venue for this action.

---

[2]  Defendant Scott's current location is unknown.

> e.    The vast majority of witnesses are outside of the
> subpoena power of the District Court of the District
> of Columbia and within the subpoena power of
> <u>the District Court for the Eastern District of North Carolina.</u>

The District Court for the District of Columbia lacks the ability to compel testimony from the non-party fact witnesses listed in the Complaint.  Conversely, the District Court for the Eastern District of North Carolina has the ability to compel testimony from almost all of the non-party fact witnesses identified in the complaint.  Thus, this factor weighs heavily in favor of transferring the action to the Eastern District of North Carolina.

The geographic limitations placed upon a District Court's subpoena power are described in Rule 45 of the Federal Rules of Civil Procedure.  Rule 45 provides that a subpoena may only be served "within the district of the court by which it is issued, or at any place without the district that is within 100 miles of the place" of the proceeding for which testimony is required.  *See* Fed. R. Civ. P. 45(b)(2).  Moreover, "the court by which a subpoena was issued shall quash or modify the subpoena if it … requires a person who is not a party … to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person…."  *See* Fed. R. Civ. P. 45(c)(3)(A)(ii).  Thus, a district court is limited in its ability to compel testimony from individuals located more than 100 miles away from the district court.

The non-party fact witnesses identified in Holly's Complaint are all located beyond the subpoena power of this court.  Aside from the four named defendants, Holly's Complaint identifies the following individuals who were involved or would otherwise have knowledge of the alleged constitutional violations:  Dr. Gaddy Lassiter (Compl. ¶¶ 26, 28, 29, & 50), Nurse Keel (Compl. ¶ 35, 36, 37, 38, & 53), Lieutenant Stevenson (Compl. ¶ 41, 46, & 49), Lieutenant Chance (Compl. ¶ 48), Disciplinary Hearing Officer DuBose (Compl. ¶¶ 57, 71, & 73); and unidentified members of "Rivers Staff" (Compl. ¶¶ 23, 25, 32, 33, 34, 35, 36, 38, 41, 44, 45, 66,

68, & 72.)  Dr. Lassiter, Nurse Keel, and Lieutenant Stevenson are all currently employed at Rivers Correctional Institution and reside in North Carolina.  (Schultz Aff. ¶ 3.)  Lieutenant Chance is currently in South Carolina.  (Schultz Aff. ¶ 3(f).)  Disciplinary Hearing Officer DuBose is employed in Lawrenceville, Virginia. (Schultz Aff. ¶ 3(e).)  To the extent that the unidentified members of "Rivers Staff" are still employed by Rivers Correctional Institution, it is likely that they live within a reasonable proximity of Rivers Correctional Institution.  Thus, all of these witnesses are located outside of the District of the District of Columbia and more than 100 miles from the District Court for the District of Columbia.

In contrast, the District Court for the Eastern District of Columbia has the ability to compel testimony from all but two of the non-party fact witnesses listed above.  With the exception of Lieutenant Chance and Disciplinary Hearing Officer DuBose, the witnesses are located within the Eastern District of North Carolina.  Thus, the District Court for the Eastern District of North Carolina could compel testimony from these individuals.

Therefore, as the District Court for the District of Columbia cannot compel the testimony of any of the non-party fact witnesses and the District Court for the Eastern District of North Carolina can compel testimony from all but two of the non-party fact witnesses, this factor strongly supports a transfer to the District Court for the Eastern District of North Carolina.

f.    The majority of sources of proof are
      found in the Eastern District of North Carolina.

The allegations in this case involve Holly's medical treatment and disciplinary hearings while he was located at Rivers Correctional Institution.  These records are maintained at Rivers Correctional Institution.  (Snyder Aff. ¶ 5.)  Thus, this factor counsels for the transfer of this action to the District Court for the Eastern District of North Carolina.

2.     THE PUBLIC INTEREST FACTORS WEIGH
       IN FAVOR OF TRANSFERRING THIS ACTION.

   a.     Both the District Court for the District of Columbia
          and the District Court for the Eastern District
          of North Carolina are versed in the applicable law.

This cases deals with issues of Holly's constitutional rights.  As it is presumed that the judges of the District Court for the Eastern District of North Carolina are equally as well versed as the judges of the District Court for the District of Columbia, this factor is neutral.  *See Sierra Club v. Flowers*, 276 F. Supp. 2d 62, 70 n.6 (D.D.C. 2003).

   b.     The docket for the District Court for the District of
          Columbia has over twice as many cases as the docket for
          the District Court for the Eastern District of North Carolina.

Based upon the 2006 Federal Judicial Caseload Statistics published by the United States Administrative Office of the Courts, the District Court for the District of Columbia had 3,276 cases pending on March 31, 2006.  See Office of Judges Programs, Administrative Office of the Courts, Federal Judicial Caseload Statistics, Table C-1 (2006) (annexed hereto as Attachment 5), *available at* http://www.uscourts.gov/caseload2006/contents.html.  The District Court for the Eastern District of North Carolina had 1,391 cases pending on the same date.  *Id.*  From these statistics, it appears that the docket of the District Court for the District of Columbia has over twice as many cases pending as the District Court for the Eastern District of North Carolina.  Thus, this factor weighs in favor of transferring the case to the less congested docket in the Eastern District of North Carolina.

   c.     The Eastern District of North Carolina has
          an interest in adjudicating a controversy
          regarding those who run its correctional institutions.

The alleged wrongdoing in this case was undertaken by individuals working in North Carolina.  As North Carolina has an interest in governing employers and citizens within its

11

borders, this factor should weigh in favor of a transfer to North Carolina.  *See Devaughn v. Inphonic, Inc.*, 403 F. Supp. 2d 68, 74 (D.D.C. 2005).

The transfer of this case to the Eastern District of North Carolina is appropriate under the test set forth in *Lentz*.  As Holly's claims arose out of the Eastern District of North Carolina, this action could have initially been brought in that district.  Additionally, the private and public interest factors weigh heavily in favor of such a transfer.  Thus, in the event the Court does not dismiss this action, it should be transferred to the Eastern District of North Carolina.

## CONCLUSION

Based upon the forgoing points and authorities, Snyder requests that the Court grant his motion to dismiss or, in the alternative, transfer this action to the United States District Court for the Eastern District of North Carolina.

This the 19th day of July, 2007.

Paul A. Kaplan (D.C. Bar No. 243394)
Womble Carlyle Sandridge & Rice, PLLC
1401 Eye Street, NW, Seventh Floor
Washington, D.C.  20005
Telephone No.:  (202) 467-6900

**Attorney for Defendant George Snyder**

12

**CERTIFICATE OF SERVICE**

I hereby certify that on July 19, 2007, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system, which will send a copy to the following:

Paul E. Poirot, Esquire
*Attorney for Plaintiff*


Paul A. Kaplan (D.C. Bar No. 243394)
Womble Carlyle Sandridge & Rice, PLLC
1401 Eye Street, NW, Seventh Floor
Washington, D.C.  20005
Telephone No.:  (202) 467-6900

**Attorney for Defendant George Snyder**

ATTACHMENT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICKY LEE HOLLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **Case No. 07cv729 (RJL)** |
| | ) |
| THOMAS CHRISTENSEN, et al., | ) |
| | ) |
| Defendants. | ) |

## AFFIDAVIT OF COLLEEN SCHULTZ

I, Colleen Schultz, being duly sworn, do depose and state as follows:

1.      I am over 18 years of age, competent to testify, and give this affidavit of my own personal knowledge for use in the above captioned matter.

2.      I am employed by The GEO Group, Inc. ("GEO") as the Human Resources Manager at Rivers Correctional Institution in Winton, North Carolina.

3.      Based upon GEO employment records,:

   a.      George Snyder is employed at Rivers Correctional Institution in Winton, North Carolina.  He resides in Ahoskie, North Carolina.

   b.      Gaddy Lassiter is employed at Rivers Correctional Institution in Winton, North Carolina.  He resides in Harrellsville, North Carolina.

   c.      Jeanne Keel is employed at Rivers Correctional Institution in Winton, North Carolina.  She resides in Eure, North Carolina.

   d.      Stephen Stevenson is employed at Rivers Correctional Institution in Winton, North Carolina.  He resides in Murfreesboro, North Carolina.

e.  Kenneth DuBose is employed at the Lawrenceville Correctional Center in Lawrenceville, Virginia.

f.  Conrad Chance was employed at Rivers Correctional Institution from January 2001 until January 2005. He now resides in South Carolina.

g.  Willie Scott was employed at Rivers Correctional Institution until early 2004. His current location is unknown.

FURTHER AFFIANT SAYETH NOT

_____
Colleen Schultz

Sworn to and subscribed before me
this 19th day of July , 2007.

_____
Notary Public

My Commission Expires: 2/25/2008

# ATTACHMENT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RICKY LEE HOLLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Case No. 07cv729 (RJL)** |
| v. | ) | |
| | ) | |
| THOMAS CHRISTENSEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**AFFIDAVIT OF GEORGE SNYDER**

I, George Snyder, being duly sworn, do depose and state as follows:

1.    I am over 18 years of age, competent to testify, and give this affidavit of my own personal knowledge for use in the above captioned matter.

2.    I am employed by The GEO Group, Inc. as the Warden of Rivers Correctional Institution in Winton, North Carolina.

3.    I reside in Ahoskie, North Carolina.

4.    To the best of my knowledge, my only contact with the District of Columbia was attending a social event in the District of Columbia approximately six to eight months ago.  This social event was unrelated to the allegations made against me in this action by Mr. Holly.

5.    The records related to Ricky Holly's incarceration at Rivers Correctional Institution are maintained at Rivers Correctional Institution.

FURTHER AFFIANT SAYETH NOT

_George Snyder_

Sworn to and subscribed before me
this 8th day of July, 2007.

_Deborah S. Gatling_
Notary Public

My Commission Expires: 2/25/2008

DEBORAH S. GATLING
NOTARY
PUBLIC
HERTFORD COUNTY, N.C.

# ATTACHMENT 3

Not Reported in F.Supp.2d                                                        Page 1
Not Reported in F.Supp.2d, 2006 WL 2434938 (D.D.C.)
**(Cite as: 2006 WL 2434938 (D.D.C.))**

C

Only the Westlaw citation is currently available.

United States District Court,
District of Columbia.
Michael JACKSON, Plaintiff,
v.
FEDERAL BUREAU OF PRISONS, et al., Defendants.
**Civil Action No. 06-592(GK).**

Aug. 22, 2006.

Michael Jackson, Winton, NC, pro se.

Eric J. Janson, U.S. Attorney's Office, Paul A. Kaplan, Womble Carlyle Sandridge & Rice PLLC, Washington, DC, for Defendants.

### MEMORANDUM OPINION
GLADYS KESSLER, District Judge.

**\*1** Plaintiff, a federal inmate proceeding *pro se,* brought this action alleging that the Defendants violated the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, by failing to provide him the pork-free diet required by his religious beliefs. The complaint names as Defendants the Bureau of Prisons ("BOP") and Harley Lappin, the Director of BOP ("Federal Defendants"), and the **GEO** Group, Inc. and two of its employees, David Palmer, Assistant Warden at the Rivers Correctional Institution ("RCI"), and James K. Brown, the prison chaplain. ("**GEO** Defendants"). Defendants have filed motions to dismiss.

### Background
Plaintiff is incarcerated at the RCI in Winton, North Carolina. Complaint, p. 1. The RCI is operated by the **Geo** Group, Inc. pursuant to a contract with the BOP. *Id.,* p. 5. Plaintiff alleges that he is a practicing Sunni Muslim and that his religion has strict dietary laws and requirements. *Id.,* p. 4. On July 5, 2005, Plaintiff claims he was in the RCI's dining hall during the serving of special diets. *Id.,* p. 3. The dining staff handed him a food tray containing pinto beans with pork. *Id.* He returned the tray and was given one without pork. *Id.* The consumption of pork violates

Plaintiff's Muslim faith. *Id.,* p. 2.

Plaintiff met with defendant James K. Brown, the chaplain at RCI, and complained to him that he had failed to offer the prison's Muslim community the opportunity to observe their faith's dietary requirements. *Id.,* p. 4. Plaintiff also filed an informal Request for an Administrative Remedy raising the issue of the pork in his food. *Id.,* Ex. 1. He alleges that after the request was denied, he met with Assistant Warden David Farmer. *Id.,* p. 4. Defendant Farmer stated that the BOP's dietary program complied with Plaintiff's religious requirements. *Id.*

In response to Plaintiff's appeal of the denial of his grievance, RCI's Warden acknowledged that a case of pinto beans containing pork was inadvertently received into the facility. *Id.,* Ex. 2. According to the Warden, the case of beans was immediately disposed of and not served to the inmates. *Id.* He also affirmed that the food served at RCI was pork-free. *Id.* Plaintiff's further administrative appeals to the BOP were denied. *Id.,* p. 3.

### Standard of Review
Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, the Federal Defendants move to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton,* 292 F.3d 235, 242 (D.C.Cir.2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams,* 348 F.3d 1033, 1040 (D.C.Cir.2003) (citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

**\*2** A court should not dismiss a complaint for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Warren v. Dist. of Columbia,* 353 F.3d 36, 37 (D.C.Cir.2004); *Kingman Park,* 348 F.3d at 1040. Thus, in resolving a Rule 12(b)(1) or 12(b)(6) mo-

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d, 2006 WL 2434938 (D.D.C.)
**(Cite as: 2006 WL 2434938 (D.D.C.))**

tion, the court must treat the complaint's factual allegations as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States,* 334 F.3d 61, 67 (D.C.Cir.2003), *cert. denied,* 540 U.S. 1149 (2004); *Holy Land Found. for Relief & Dev. v. Ashcroft,* 333 F.3d 156, 165 (D.C.Cir.2003), *cert. denied,* 540 U.S. 1218 (2004). The court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren,* 353 F.3d at 39; *Browning,* 292 F.3d at 242. In addition, the plaintiff has the burden of proving subject matter jurisdiction by a preponderance of the evidence. *Felter v. Norton,* 412 F.Supp.2d 118, 122 (D.D.C.2006) (citation and quotation omitted).

The **GEO** Defendants assert that this Court lacks personal jurisdiction over them. The plaintiff bears the burden of establishing personal jurisdiction over each defendant. *Atlantigas Corp. v. Nisource, Inc.,* 290 F.Supp.2d 34, 42 (D.D.C.2003). In order to meet his burden, a plaintiff must allege specific facts on which personal jurisdiction can be based; he cannot rely on conclusory allegations. *Id.* Furthermore, a plaintiff cannot aggregate allegations concerning multiple defendants in order to demonstrate personal jurisdiction over any individual defendant. *Id.* In deciding a motion to dismiss for lack of personal jurisdiction under Fed.R.Civ.P. 12(b)(2), the Court need not treat plaintiff's allegations as true. *Id.* Rather, the Court may consider and weigh affidavits and other relevant matter in making the jurisdictional determination. *Id.*

**Discussion**

*Federal Defendants*

The Federal Defendants move to dismiss on the ground that the RLUIPA does not apply to the BOP. In order to properly evaluate the Defendants' argument, it is necessary to understand the legislative and jurisprudential history of this area of law. RLUIPA is the "latest of long-running congressional efforts to accord religious exercise heightened protection from government-imposed burdens" than that required by the Supreme Court's free exercise clause jurisprudence. *Cutter v. Wilkinson,* 125 S.Ct. 2113, 2117-2118 (2005). To that end, in 1993, Congress enacted the Religious Freedom Restoration Act

("RFRA"). That statute was intended to overturn *Employment Div., Dep't of Human Resources of Or. v. Smith,* 494 U.S. 872 (1990), a decision which held that the First Amendment permits governments to apply neutral generally applicable laws to a religious practice without a showing of a compelling state interest. *Cutter,* 125 S.Ct. at 2118; *Caldwell v. Caesar,* 150 F.Supp.2d 50, 55 (D.D.C.2001). RFRA provides that a government "shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability" unless the government demonstrates that it "is in furtherance of a compelling government interest" and "is the least restrictive means of furthering that compelling government interest." 42 U.S.C. § 2000bb.

**\*3** In *City of Boerne v. Flores,* 521 U.S. 507, 523-36 (1997), the Supreme Court held that RFRA was unconstitutional as applied to the states. A number of courts of appeals, including ours, have held that RFRA still applies to the federal government. *See Cutter,* 125 S.Ct. at 2118; *Henderson v. Kennedy,* 265 F.3d 1072, 1073 (D.C.Cir.2001); *Gartrell v. Ashcroft,* 191 F.Supp.2d 23, 37 (D.D.C.2002). [FN1]

> FN1. The Supreme Court has yet to decide the issue. *Cutter,* 125 S.Ct. at 2118 n. 2.

In response to the Supreme Court invalidating RFRA as applied to the states, Congress enacted RLUIPA. *Cutter,* 125 S.Ct. at 2118. Section 3 of RLUIPA, 42 U.S.C. § 2000cc-1, applies to religious exercise by institutionalized persons. The statute provides that "no *government* shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," unless the government demonstrates that the burden furthers "a compelling government interest" and that it has adopted the "least restrictive means" to serve that interest. *Id .,* § 2000-cc-1(a)(1)-(2)(emphasis supplied). An individual affected by such a burden has a right to pursue judicial relief. *Id.,* § 2000-cc-2(a).

Under RLUIPA, the term "government" is defined as (1) a State, county, municipality, or other government entity created under the authority of a State; (2) any branch, department, agency, instrumentality, or official of these entities; and (3) any other person acting

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 2434938 (D.D.C.)
(Cite as: 2006 WL 2434938 (D.D.C.))

under color of State law. § 2000cc-5(4). The statute does not create a cause of action against the federal government or its correctional facilities. *Ish Yerushalayim v. United States,* 374 F.3d 89, 92 (2d Cir.2004); *Bloch v. Samuels,* No. H-04-4861, 2006 WL 2239016, at *7 (S.D.Tex. Aug. 3, 2006); *Sample v. Lappin,* 424 F.Supp.2d 187, 192 n. 3 (D.D.C.2006); *Terrero v. Watts,* No. 202-134, 2005 WL 2838142, at *5 (S.D.Ga. Oct. 26, 2005). This conclusion is the only sensible construction of the statute. RLUIPA was specifically enacted to counter a Supreme Court decision holding that the identical provisions of RFRA could not be applied to the states. *Cutter,* 125 S.Ct. at 2118. In addition, as noted above, inmates still retain a cause of action under RFRA against the federal government. Therefore, Plaintiff cannot bring a RLUIPA claim against the Federal Defendants.

*GEO Defendants*

These Defendants move to dismiss based on lack of personal jurisdiction. The caption of Plaintiff's complaint lists the addresses of Defendants **Geo Group,** Inc., David Farmer, and James K. Brown as being in Winton, North Carolina. The complaint does not allege that the Defendants reside in the District of Columbia or conduct business here.

The District of Columbia long-arm statute, D.C.Code § 13-423, is the only basis upon which personal jurisdiction may be exercised over defendants who do not reside within or maintain a place of business in the District of Columbia. *Reuber v. United States,* 750 F.2d 1039, 1040 (D.C.Cir.1984); *Robertson v. Merola,* 895 F.Supp. 1, 3 (D.D.C.1995). The District of Columbia long-arm statute provides that a Court may exercise personal jurisdiction over those who have (1) transacted business in the District of Columbia; (2) contracted to supply services in the District of Columbia; (3) caused a tortious injury in the District of Columbia by an act or omission in the District; or (4) caused a tortious injury in the District of Columbia by an act or omission outside the District while regularly doing or soliciting business or engaging in any other persistent course of conduct in the District. D.C.Code § 13-423(a)(1)- (4)(2006). For there to be personal jurisdiction under the long-arm

statute, the plaintiff must allege some specific facts evidencing purposeful activity by defendants in the District of Columbia by which they invoked the benefits and protections of its laws and specific acts connecting the defendants with the forum. *See, e.g., Cellutech v. Centennial Cellular Corp.,* 871 F.Supp. 46, 48 (D.D.C.1994).

**\*4** Plaintiff contends that the Court has jurisdiction over the **GEO** Defendants by virtue of its contract with the BOP to operate the RCI . [FN2] In 1997, Congress transferred responsibility for the imprisonment of felons convicted under the D.C.Code from the District of Columbia to the federal government pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997 ("Revitalization Act"). *Fletcher v. Reilly,* 433 F.3d 867, 870 (D.C.Cir.2006); see D.C.Code §§ 24-101 *et seq.* The statute provides that D.C.Code offenders "shall be designated by the Bureau of Prisons to a penal or correctional facility operated or contracted by the Bureau of Prisons ..." *Id.,* § 24-101(a). In addition, the Revitalization Act mandates that fifty percent of D.C. inmates be incarcerated in private correctional facilities. *Id.,* § 24-101(c)(1)(B).

> FN2. Following briefing on the Defendants' motions to dismiss, Plaintiff filed a motion for jurisdictional discovery. Such discovery is only warranted if the Plaintiff reasonably demonstrates that the discovery will enable him to show that the court has personal jurisdiction over the defendants. *GTE New Media Servs., Inc. v. BellSouth Corp.,* 199 F.3d 1343, 1351 (D.C.Cir.2000); *Carriban Broad Sys. v. Cable & Wireless PLC,* 148 F.3d 1080, 1090 (D.C.Cir.1998). In his motion, Plaintiff alleges that discovery will demonstrate that the **GEO** Group has extensive contact with BOP and other federal agencies in the District of Columbia, as well as the D.C. Jail. Plaintiff contends that this information would indicate that the **GEO** Group is transacting business in the District of Columbia.
>
> As the Court notes below, none of these allegations, if proven, would establish personal jurisdiction over the **GEO** Defendants.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

The Court will deny Plaintiff's motion.

The BOP and **Wackenhut** Correctional Corporation, now part of the **GEO** Group, entered into a contract for **Wackenhut** to house D.C. inmates pursuant to the Revitalization Act. *See* Pl.'s Opp. to Deft.'s Mot. to Dismiss, Ex. 1. The fact that this agreement was made pursuant to the Revitalization Act or executed within the District of Columbia does not confer personal jurisdiction over out-of-state defendants. *See Ali v. Dist. of Columbia,* 278 F.3d 1, 7 (D.C.Cir.2002); *Ibrahim v. Dist. of Columbia,* 357 F.Supp.2d 187, 192-94 (D.D.C.2004).

None of the **GEO** Defendants resides in the District of Columbia. Plaintiff's complaint alleges acts and omissions at the RCI in North Carolina. Plaintiff has not alleged that he suffered an injury in the District of Columbia. The only connection this case has with the District of Columbia is that the BOP is headquartered here. This fact by itself is insufficient to confer personal jurisdiction over the **GEO** Defendants. *See Cameron v. Thornburgh,* 983 F.2d 253, 256 (D.C.Cir.1993). Accordingly, this Court lacks personal jurisdiction over the individual defendants.

The Court may transfer an action even though it lacks personal jurisdiction over the defendants. *Naartex Consulting Corp. v. Watt,* 722 F.2d 779, 789 (D.C.Cir.1983); *Hoffman v. Fairfax County Redevelopment & Hous. Auth.,* 276 F.Supp.2d 14, 16 n. 1 (D.D.C.2003). Transfer is appropriate under 28 U.S.C. § 1406(a) "when procedural obstacles [such as lack of personal jurisdiction and improper **venue**] impede an expeditious and orderly adjudication on the merits." *Sinclair v. Kleindienst,* 711 F.2d 291, 293-94 (D.C.Cir.1983) (citing *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466-67 (1962)); *Crenshaw v. Antokol,* 287 F.Supp.2d 37, 45 (D.D.C.2003). The decision to transfer an action on this basis is left to the discretion of the court. *Novak-Canzeri v. Saud,* 864 F.Supp. 203, 207 (D.D.C.1994). As a general matter, a transfer of the case is favored over a dismissal. *El v. Belden,* 360 F.Supp.2d 90, 93 (D.D.C.2004). [FN3]

> FN3. Unlike the Federal Defendants, the **GEO** Defendants have not moved to dismiss for lack of subject matter jurisdiction or for

failure to state a claim.

The alleged events giving rise to Plaintiff's claim occurred at the RCI, which is located in the Eastern District of North Carolina. The **GEO** Defendants are also in the same district. Since Plaintiff is incarcerated at RCI, his BOP records are no doubt maintained there. In the interest of justice, therefore, the Court will transfer the action against the **GEO** Defendants to the United States District Court for the Eastern District of North Carolina.

### Conclusion

**\*5** Based on the foregoing, the Federal Defendants' motion to dismiss will be granted. The claim against the **GEO** Defendants will be transferred. An appropriate order accompanies this Memorandum Opinion.

Not Reported in F.Supp.2d, 2006 WL 2434938 (D.D.C.)

END OF DOCUMENT

ATTACHMENT 4

Westlaw.

Not Reported in F.Supp.2d                                  Page 1
Not Reported in F.Supp.2d, 2006 WL 667166 (D.D.C.)
(Cite as: 2006 WL 667166 (D.D.C.))

C

Only the Westlaw citation is currently available.

United States District Court, District of Columbia.
Perry A. MCCULLOUGH, Plaintiff,
v.
BUREAU OF PRISONS, et al., Defendants.
**No. 05CV374 (HHK).**

March 15, 2006.
Perry A. McCullough, Terminal Island, CA, pro se.

John F. Henault, Jr., U.S. Attorney's Office, Washington, DC, Paul A. Kaplan, Paul A. Kaplan, Womble Carlyle Sandridge & Rice PLLC, Washington, DC, for Defendants.

*MEMORANDUM OPINION*
KENNEDY, J.

**\*1** This matter is before the Court on defendants' motions to dismiss. Having considered the motions and plaintiff's oppositions, the Court will transfer this action to the United States District Court for the Eastern District of California.

## I. BACKGROUND

At all times relevant to the complaint, plaintiff was a federal prisoner incarcerated at the Taft Correctional Institution ("TCI"), a facility which **Wackenhut** Corrections Corporation ("**Wackenhut**") operated under contract with the Federal Bureau of Prisons ("BOP"). [FN1] Compl. ¶¶ 1-3 (Part II). [FN2]

> FN1. Plaintiff was transferred from TCI to the Federal Corrections Institution in Tucson, Arizona. Compl. ¶¶ 69, 82 (Part III). Later he was transferred to the Federal Corrections Institution in Terminal Island, California, where he currently is incarcerated in a low security facility. *See id.* (Part VI).

> FN2. Plaintiff prepared his Complaint in six sections: Nature of the Action (Part I), Parties to the Action (Part II), Factual Basis for the Verified Complaint for Damages (Plaintiff's Affidavit) (Part III), Causes of

Action (Part IV), Classification of Defendants (Part V), and Relief Requested (Part VI). Each section is set forth in sequentially numbered paragraphs. References to the Complaint generally will include the paragraph number and section number.

Plaintiff states that defendants falsified records pertaining to disciplinary actions taken against him following his alleged leadership role in effecting a food and work strike at TCI in November 2001. Although defendants determined that plaintiff committed no disciplinary violation, records identifying his role in the strike remain in his Central File. Defendants' reliance on these erroneous records, plaintiff contends, led to adverse determinations with respect to his supervision and security levels.

Plaintiff, who is proceeding *pro se,* brings this action under the Privacy Act, *see* 5 U.S.C. § 552a, against **Wackenhut** and the BOP. He alleges that defendants "generated several falsified documents which they used as the proximate cause for the improper retaliatory transfer of the Plaintiff." Compl. ¶ 69 (Part III). He further alleges that defendants placed those falsified documents in his Central File, and used "those documents to maintain inaccurate records for the purpose of adversely affect [sic] Plaintiff through a retaliatory transfer to a higher level institution, as a special offender, under Central Inmate Monitoring." [FN3] *Id.* (Part IV).

> FN3. Evidently, plaintiff was to be separated from the two inmates with whom he allegedly planned the food and work strike at TCI. *See* Compl. ¶¶ 70, 72 & Ex. V (December 17, 2001 Memorandum approving classification as a Central Inmate Monitoring case).

In addition to his Privacy Act claims, plaintiff brings civil rights claims under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), against 22 individuals who are employees either of the BOP or **Wackenhut.** He contends that these defendants vi-

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 667166 (D.D.C.)
**(Cite as: 2006 WL 667166 (D.D.C.))**

olated rights protected by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution by denying him due process and by subjecting him to cruel and unusual punishment. *See* Compl. (Part IV). He demands injunctive relief and monetary damages. *Id.*

### II. DISCUSSION
#### A. Privacy Act Claims [FN4]

FN4. Plaintiff does not bring Privacy Act claims against any of the individual defendants. *See* Compl. ¶ 1 (Part I); Pl.'s Opp. to Fed. Defs.' Mot. to Dismiss at 9. If he had, the claims would be dismissed because individuals, government officials and government employees are not proper parties to a Privacy Act action. *Armstrong v. United States Bureau of Prisons,* 976 F.Supp. 17, 23 (D.D.C.1997), *aff'd,* 1998 WL 65543 (D.C.Cir. Jan.30, 1998); *see Reid v. Federal Bureau of Prisons,* No. 04-1845, 2005 WL 1699425 at *2 (D.D.C. July 20, 2005).

Plaintiff purports to bring Privacy Act claims against **Wackenhut,** a private corporation which operated the Taft Correctional Institution in Taft, California pursuant to a contract with BOP. Compl. ¶¶ 2-3. According to BOP's website (www.bop.gov), TCI is a private facility.

Generally, the Privacy Act regulates the collection, maintenance, and disclosure of personal information by federal executive branch agencies. It does not cover a private corporation, which is not an "agency" for purposes of the Privacy Act. *Unt v. Aerospace Corp.,* 765 F.2d 1440, 1450-51 (D.C.Cir.1985) (concluding that private nonprofit corporation formed to provide engineering and technical services to Air Force missile and space program is not an agency as term is defined in Privacy Act); *Dennie v. Univ. of Pittsburgh Sch. of Med.,* 589 F.Supp. 348, 352 (D.Vi.1984) (dismissing hospital and medical school as defendants for plaintiff's failure to allege facts showing sustained federal control or supervision necessary to characterize entities as "federal" for purposes of Privacy Act jurisdiction), *aff'd,* 770 F.2d 1068 (Table) (3d Cir.), *cert. denied,* 474 U.S. 849, 106 S.Ct. 144, 88 L.Ed.2d 119 (1985); *see* 5 U.S.C.

§§ 551(1), 552(f), 552a(1). Accordingly, plaintiff's Privacy Act claims against **Wackenhut** must be dismissed.

#### B. Civil Rights Claims under *Bivens*

*2 The United States Court of Appeals for the District of Columbia Circuit instructs that "[c]ourts in this circuit must examine challenges to personal jurisdiction and **venue** carefully to guard against the danger that a plaintiff might manufacture **venue** in the District of Columbia." *Cameron v. Thornburgh,* 983 F.2d 253, 256 (D.C.Cir.1993).

##### 1. Personal Jurisdiction

A District of Columbia court may exercise personal jurisdiction over a person who is "domiciled in, organized under the laws of, or maintaining [a] principal place of business in, the District of Columbia as to any claim for relief." [FN5] D.C.Code § 13-422. Plaintiff does not allege that any of the individual defendants are domiciled or incorporated in the District of Columbia, *see id.* ¶¶ 5-6, 8-25 (Part II), and thus fails to establish that they are persons over whom this Court may exercise jurisdiction under D.C.Code § 13-422. [FN6] *See Pollack v. Meese,* 737 F.Supp. 663, 665 (D.D.C.1990).

> FN5. With respect to defendant **Wackenhut,** plaintiff alleges that it is a "private, for profit corporation maintaining offices at 4200 **Wackenhut** Drive, Palm Beach Gardens, FL." Compl. ¶ 3 (Part II). He does not allege that **Wackenhut** is a corporation organized under District of Columbia law or maintaining a principal place of business in the District of Columbia. He does not establish personal jurisdiction under D.C.Code § 13-422.

> FN6. Plaintiff alleges that defendant Lappin is BOP's Director, and that defendant Watts maintains an office at BOP's Washington, D.C. headquarters. Compl. ¶¶ 4, 7 (Part II). Their domiciles, however, are not stated in the record.

The Court engages in a two-part inquiry in order to determine whether it may exercise personal jurisdic-

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 667166 (D.D.C.)
**(Cite as: 2006 WL 667166 (D.D.C.))**

tion over a non-resident defendant. First, the Court must determine whether jurisdiction may be exercised under the District's long-arm statute. *GTE New Media Services, Inc. v. Bell South Corp.,* 199 F.3d 1343, 1347 (D.C.Cir.2000). Second, the Court must determine whether the exercise of personal jurisdiction satisfies due process requirements. *Id.* (citing *United States v. Ferrara,* 54 F.3d 825, 828 (D.C.Cir.1995)).

Under the District's long-arm statute, a District of Columbia court may exercise personal jurisdiction over a non-resident defendant who either (1) transacts business in the District, (2) causes tortious injury in the District by an act or omission in the District, or (3) causes tortious injury in the District "by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia." [FN7] D.C.Code § 13- 423(a). Plaintiff bears the burden of establishing that personal jurisdiction under the long-arm statute exists "by demonstrating a factual basis for the exercise of such jurisdiction over the defendant." *Novak-Canzeri v. Saud,* 864 F.Supp. 203, 205 (D.D.C.1993) (citing *First Chicago Int'l v. United Exchange Co.,* 836 F.2d 1375, 1378 (D.C.Cir.1988)). Plaintiff does not meet this burden.

> FN7. The District's long-arm statute sets forth alternative bases for long-arm jurisdiction. *See* D.C.Code § 13-423(a). None of these alternatives is relevant in this case.

Although persistent conduct undertaken in a person's individual capacity may constitute the transaction of business for purposes of the long-arm statute, *see Pollack v. Meese,* 737 F.Supp. at 666, the complaint sets forth no allegations that these defendants have any personal connection with the District of Columbia. The mere fact that defendants Haro, Ballash, Gonzalez and Brokenshire are employees of the BOP, the headquarters office of which is in the District of Columbia, does not render them subject to suit in their individual capacities in this district. *See Stafford v. Briggs,* 444 U.S. 527, 543-45, 100 S.Ct. 774, 63 L.Ed.2d 1 (1980) (absent minimum contacts

other than those arising from federal employment, court may not exercise personal jurisdiction over federal official in his individual capacity). Similarly, the fact that the **Wackenhut** employees at TCI work for a BOP contractor does not suffice.

**\*3** Finally, the complaint alleges no facts to establish that plaintiff suffered any injury in the District of Columbia. The actual injuries of which plaintiff complains occurred in California or, perhaps, Arizona. Regardless of whether these defendants acted within or outside of the District of Columbia, plaintiff suffered no injury here. Accordingly, the Court concludes that it lacks personal jurisdiction over **Wackenhut** or the individual defendants.

### 2. **Venue**

**Venue** for plaintiff's claims against the individual defendants in their individual capacities is determined under 28 U.S.C. § 1391(b). *See Stafford v. Briggs,* 444 U.S. at 544. Where, as here, the Court's jurisdiction is not based solely on diversity of citizenship, **venue** is proper in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). By this standard, this case properly may proceed in the Eastern District of California, the judicial district where most of the events described in the complaint occurred.

### C. Transfer

In a case filed in a jurisdiction where **venue** is improper, the Court, in the interest of justice, may transfer the action to any other district where it could have been brought. 28 U.S.C. § 1406(a). The decision to transfer an action on this ground is left to the discretion of the Court. *See Novak-Canzeri,* 864 F.Supp. at 207. The Court may transfer an action even though it lacks personal jurisdiction over the defendants. *Naartex Consulting Corp. v. Watt,* 722 F.2d 779, 789 (D.C.Cir.1983), *cert. denied,* 467 U.S. 1210, 104 S.Ct. 2399, 81 L.Ed.2d 355 (1984).

Transfer is appropriate under section 1406(a) "when

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d, 2006 WL 667166 (D.D.C.)
**(Cite as: 2006 WL 667166 (D.D.C.))**

procedural obstacles [such as lack of personal juris-
diction and improper **venue**] impede an expeditious
and orderly adjudication on the merits." *Sinclair v.
Kleindienst,* 711 F.2d 291, 293-94 (D.C.Cir.1983)
(citing *Goldlawr, Inc. v. Heiman,* 369 U.S. 463,
466-67, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962)); *Cren-
shaw v. Antokol,* 287 F.Supp.2d 37, 45 (D.D.C.2003).
Further, "[i]t is in the interest of justice to transfer the
entire complaint rather than have it heard in two dif-
ferent **venues."** *In re O'Leska,* No. 00-5339, 2000
WL 1946653 *1 (D.C.Cir. Dec.7, 2000) (per curiam);
*Crenshaw v. Antokol,* 287 F.Supp.2d at 45.

In this case, the Court lacks personal jurisdiction over
**Wackenhut** and the individual defendants. The al-
leged events giving rise to plaintiff's claims occurred
principally in California, where **Wackenhut** and
BOP conduct business and where many of the indi-
vidual defendants likely reside. Although plaintiff's
Privacy Act claims may be brought in this district,
*see* 5 U.S.C. § 552a(g)(5), judicial economy is served
by transferring this civil action in its entirety. There-
fore, in the interest of justice, the Court will transfer
this action to the United States District Court for the
Eastern District of California. An Order consistent
with this Memorandum Opinion will be issued separ-
ately on this same date.

Not Reported in F.Supp.2d, 2006 WL 667166
(D.D.C.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# ATTACHMENT 5

# Federal Judicial Caseload Statistics
## March 31, 2006

Office of Judges Programs
Statistics Division
Administrative Office of the United States Courts
Thurgood Marshall Federal Judiciary Building
Washington, D.C. 20544
Telephone: (202) 502-1441
E-Mail: SDInformation@ao.uscourts.gov

**Table C-1.**
**U.S. District Courts—Civil Cases Commenced, Terminated, and Pending**
**During the 12-Month Period Ending March 31, 2006**

| Circuit and District | | Total Civil Cases | | | | U.S. Civil Cases | | | | Private Civil Cases | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Pending Mar. 31, 2005 | Commenced | Terminated | Pending Mar. 31, 2006 | Pending Mar. 31, 2005 | Commenced | Terminated | Pending Mar. 31, 2006 | Pending Mar. 31, 2005 | Commenced | Terminated | Pending Mar. 31, 2006 |
| | TOTAL | 283,209 | 244,068 | 281,220 | 246,057 | 45,408 | 47,298 | 51,290 | 41,416 | 237,801 | 196,770 | 229,930 | 204,641 |
| DC | | 3,308 | 2,566 | 2,598 | 3,276 | 1,818 | 1,427 | 1,355 | 1,890 | 1,490 | 1,139 | 1,243 | 1,386 |
| | 1ST | 7,453 | 6,139 | 6,539 | 7,053 | 1,291 | 1,438 | 1,431 | 1,298 | 6,162 | 4,701 | 5,108 | 5,755 |
| ME | | 354 | 448 | 509 | 293 | 105 | 140 | 160 | 85 | 249 | 308 | 349 | 208 |
| MA | | 3,926 | 3,213 | 3,316 | 3,823 | 593 | 633 | 580 | 646 | 3,333 | 2,580 | 2,736 | 3,177 |
| NH | | 470 | 490 | 550 | 410 | 83 | 108 | 121 | 70 | 387 | 382 | 429 | 340 |
| RI | | 775 | 580 | 540 | 815 | 109 | 145 | 114 | 140 | 666 | 435 | 426 | 675 |
| PR | | 1,928 | 1,408 | 1,624 | 1,712 | 401 | 412 | 456 | 357 | 1,527 | 996 | 1,168 | 1,355 |
| | 2ND | 31,830 | 22,422 | 22,080 | 32,172 | 4,159 | 3,489 | 3,660 | 3,988 | 27,671 | 18,933 | 18,420 | 28,184 |
| CT | | 2,905 | 2,020 | 2,208 | 2,717 | 321 | 287 | 273 | 335 | 2,584 | 1,733 | 1,935 | 2,382 |
| NY,N | | 2,535 | 1,687 | 1,511 | 2,711 | 512 | 419 | 332 | 599 | 2,023 | 1,268 | 1,179 | 2,112 |
| NY,E | | 7,542 | 6,126 | 6,203 | 7,465 | 1,409 | 1,051 | 1,278 | 1,182 | 6,133 | 5,075 | 4,925 | 6,283 |
| NY,S | | 15,918 | 10,520 | 10,156 | 16,282 | 1,222 | 1,091 | 1,107 | 1,206 | 14,696 | 9,429 | 9,049 | 15,076 |
| NY,W | | 2,602 | 1,720 | 1,654 | 2,668 | 603 | 518 | 533 | 588 | 1,999 | 1,202 | 1,121 | 2,080 |
| VT | | 328 | 349 | 348 | 329 | 92 | 123 | 137 | 78 | 236 | 226 | 211 | 251 |
| | 3RD | 24,515 | 27,444 | 29,653 | 22,306 | 3,246 | 3,657 | 4,099 | 2,804 | 21,269 | 23,787 | 25,554 | 19,502 |
| DE | | 1,733 | 1,067 | 1,367 | 1,433 | 148 | 103 | 89 | 162 | 1,585 | 964 | 1,278 | 1,271 |
| NJ | | 6,187 | 6,103 | 6,478 | 5,812 | 1,058 | 1,024 | 1,197 | 885 | 5,129 | 5,079 | 5,281 | 4,927 |
| PA,E | | 10,635 | 14,439 | 15,604 | 9,470 | 690 | 947 | 1,054 | 583 | 9,945 | 13,492 | 14,550 | 8,887 |
| PA,M | | 2,172 | 2,819 | 2,957 | 2,034 | 569 | 877 | 1,000 | 446 | 1,603 | 1,942 | 1,957 | 1,588 |
| PA,W | | 2,742 | 2,633 | 2,959 | 2,416 | 618 | 623 | 717 | 524 | 2,124 | 2,010 | 2,242 | 1,892 |
| VI | | 1,046 | 383 | 288 | 1,141 | 163 | 83 | 42 | 204 | 883 | 300 | 246 | 937 |
| | 4TH | 34,475 | 18,241 | 38,280 | 14,436 | 4,029 | 4,633 | 4,970 | 3,692 | 30,446 | 13,608 | 33,310 | 10,744 |
| MD | | 3,062 | 3,532 | 3,652 | 2,942 | 638 | 882 | 875 | 645 | 2,424 | 2,650 | 2,777 | 2,297 |
| NC,E | | 1,472 | 1,317 | 1,398 | 1,391 | 534 | 555 | 569 | 520 | 938 | 762 | 829 | 871 |
| NC,M | | 1,088 | 1,201 | 1,277 | 1,012 | 325 | 425 | 426 | 324 | 763 | 776 | 851 | 688 |
| NC,W | | 1,134 | 1,004 | 1,082 | 1,056 | 240 | 259 | 286 | 213 | 894 | 745 | 796 | 843 |
| SC | | 22,504 | 3,768 | 23,072 | 3,200 | 774 | 851 | 920 | 705 | 21,730 | 2,917 | 22,152 | 2,495 |
| VA,E | | 2,224 | 3,950 | 4,149 | 2,025 | 313 | 621 | 638 | 296 | 1,911 | 3,329 | 3,511 | 1,729 |
| VA,W | | 909 | 1,382 | 1,498 | 793 | 319 | 492 | 561 | 250 | 590 | 890 | 937 | 543 |
| WV,N | | 686 | 643 | 609 | 720 | 327 | 238 | 260 | 305 | 359 | 405 | 349 | 415 |
| WV,S | | 1,396 | 1,444 | 1,543 | 1,297 | 559 | 310 | 435 | 434 | 837 | 1,134 | 1,108 | 863 |

39

## Table C-1. (March 31, 2006—Continued)

| Circuit and District | Total Civil Cases | | | | U.S. Civil Cases | | | | Private Civil Cases | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Pending Mar. 31, 2005 | Commenced | Terminated | Pending Mar. 31, 2006 | Pending Mar. 31, 2005 | Commenced | Terminated | Pending Mar. 31, 2006 | Pending Mar. 31, 2005 | Commenced | Terminated | Pending Mar. 31, 2006 |
| **5TH** | **33,227** | **34,622** | **31,296** | **36,553** | **4,682** | **5,856** | **6,103** | **4,435** | **28,545** | **28,766** | **25,193** | **32,118** |
| LA,E | 3,411 | 7,302 | 2,675 | 8,038 | 273 | 235 | 274 | 234 | 3,138 | 7,067 | 2,401 | 7,804 |
| LA,M | 8,799 | 1,504 | 1,510 | 8,793 | 84 | 80 | 78 | 86 | 8,715 | 1,424 | 1,432 | 8,707 |
| LA,W | 2,510 | 2,351 | 2,579 | 2,282 | 624 | 697 | 740 | 581 | 1,886 | 1,654 | 1,839 | 1,701 |
| MS,N | 1,494 | 1,182 | 1,170 | 1,506 | 113 | 102 | 101 | 114 | 1,381 | 1,080 | 1,069 | 1,392 |
| MS,S | 2,848 | 4,398 | 4,445 | 2,801 | 283 | 171 | 197 | 257 | 2,565 | 4,227 | 4,248 | 2,544 |
| TX,N | 3,581 | 4,577 | 4,761 | 3,397 | 644 | 891 | 893 | 642 | 2,937 | 3,686 | 3,868 | 2,755 |
| TX,E | 2,499 | 2,971 | 3,072 | 2,398 | 527 | 589 | 619 | 497 | 1,972 | 2,382 | 2,453 | 1,901 |
| TX,S | 5,392 | 6,912 | 7,424 | 4,880 | 1,379 | 2,014 | 2,118 | 1,275 | 4,013 | 4,898 | 5,306 | 3,605 |
| TX,W | 2,693 | 3,425 | 3,660 | 2,458 | 755 | 1,077 | 1,083 | 749 | 1,938 | 2,348 | 2,577 | 1,709 |
| **6TH** | **39,599** | **22,556** | **37,672** | **24,483** | **4,032** | **4,545** | **4,801** | **3,776** | **35,567** | **18,011** | **32,871** | **20,707** |
| KY,E | 1,787 | 2,188 | 2,327 | 1,648 | 837 | 1,150 | 1,231 | 756 | 950 | 1,038 | 1,096 | 892 |
| KY,W | 1,382 | 1,510 | 1,506 | 1,386 | 301 | 321 | 343 | 279 | 1,081 | 1,189 | 1,163 | 1,107 |
| MI,E | 19,397 | 5,642 | 20,101 | 4,938 | 748 | 1,013 | 1,069 | 692 | 18,649 | 4,629 | 19,032 | 4,246 |
| MI,W | 1,245 | 1,537 | 1,561 | 1,221 | 207 | 234 | 267 | 174 | 1,038 | 1,303 | 1,294 | 1,047 |
| OH,N | 7,757 | 5,176 | 4,805 | 8,128 | 407 | 599 | 542 | 464 | 7,350 | 4,577 | 4,263 | 7,664 |
| OH,S | 3,231 | 2,402 | 2,753 | 2,880 | 564 | 483 | 507 | 540 | 2,667 | 1,919 | 2,246 | 2,340 |
| TN,E | 1,817 | 1,334 | 1,661 | 1,490 | 385 | 270 | 371 | 284 | 1,432 | 1,064 | 1,290 | 1,206 |
| TN,M | 1,423 | 1,446 | 1,646 | 1,223 | 270 | 233 | 253 | 250 | 1,153 | 1,213 | 1,393 | 973 |
| TN,W | 1,560 | 1,321 | 1,312 | 1,569 | 313 | 242 | 218 | 337 | 1,247 | 1,079 | 1,094 | 1,232 |
| **7TH** | **14,940** | **16,811** | **17,044** | **14,707** | **2,128** | **2,659** | **2,752** | **2,035** | **12,812** | **14,152** | **14,292** | **12,672** |
| IL,N | 6,785 | 7,608 | 7,739 | 6,654 | 902 | 1,008 | 1,032 | 878 | 5,883 | 6,600 | 6,707 | 5,776 |
| IL,C | 992 | 1,076 | 1,093 | 975 | 138 | 232 | 196 | 174 | 854 | 844 | 897 | 801 |
| IL,S | 1,243 | 1,254 | 1,185 | 1,312 | 291 | 246 | 287 | 250 | 952 | 1,008 | 898 | 1,062 |
| IN,N | 1,676 | 1,885 | 1,941 | 1,620 | 214 | 288 | 313 | 189 | 1,462 | 1,597 | 1,628 | 1,431 |
| IN,S | 2,619 | 2,802 | 2,938 | 2,483 | 340 | 528 | 528 | 340 | 2,279 | 2,274 | 2,410 | 2,143 |
| WI,E | 1,344 | 1,428 | 1,358 | 1,414 | 181 | 192 | 226 | 147 | 1,163 | 1,236 | 1,132 | 1,267 |
| WI,W | 281 | 758 | 790 | 249 | 62 | 165 | 170 | 57 | 219 | 593 | 620 | 192 |
| **8TH** | **18,646** | **15,982** | **16,189** | **18,439** | **3,053** | **3,454** | **3,836** | **2,671** | **15,593** | **12,528** | **12,353** | **15,768** |
| AR,E | 3,515 | 2,954 | 2,508 | 3,961 | 562 | 626 | 722 | 466 | 2,953 | 2,328 | 1,786 | 3,495 |
| AR,W | 900 | 753 | 991 | 662 | 369 | 252 | 393 | 228 | 531 | 501 | 598 | 434 |
| IA,N | 599 | 569 | 598 | 570 | 224 | 229 | 217 | 236 | 375 | 340 | 381 | 334 |
| IA,S | 973 | 868 | 1,001 | 840 | 236 | 276 | 304 | 208 | 737 | 592 | 697 | 632 |
| MN | 7,288 | 3,676 | 4,122 | 6,842 | 279 | 376 | 361 | 294 | 7,009 | 3,300 | 3,761 | 6,548 |
| MO,E | 1,960 | 2,810 | 2,598 | 2,172 | 370 | 466 | 462 | 374 | 1,590 | 2,344 | 2,136 | 1,798 |
| MO,W | 1,923 | 2,597 | 2,682 | 1,838 | 629 | 740 | 838 | 531 | 1,294 | 1,857 | 1,844 | 1,307 |
| NE | 809 | 1,109 | 990 | 928 | 167 | 267 | 275 | 159 | 642 | 842 | 715 | 769 |
| ND | 249 | 230 | 239 | 240 | 81 | 89 | 97 | 73 | 168 | 141 | 142 | 167 |
| SD | 430 | 416 | 460 | 386 | 136 | 133 | 167 | 102 | 294 | 283 | 293 | 284 |

40

## Table C-1. (March 31, 2006—Continued)

| Circuit and District | Total Civil Cases | | | | U.S. Civil Cases | | | | Private Civil Cases | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Pending Mar. 31, 2005 | Commenced | Terminated | Pending Mar. 31, 2006 | Pending Mar. 31, 2005 | Commenced | Terminated | Pending Mar. 31, 2006 | Pending Mar. 31, 2005 | Commenced | Terminated | Pending Mar. 31, 2006 |
| **9TH** | **41,732** | **41,030** | **40,977** | **41,785** | **8,701** | **8,581** | **9,479** | **7,803** | **33,031** | **32,449** | **31,498** | **33,982** |
| AK | 373 | 367 | 338 | 402 | 154 | 121 | 129 | 146 | 219 | 246 | 209 | 256 |
| AZ | 4,292 | 5,006 | 4,343 | 4,955 | 868 | 866 | 930 | 804 | 3,424 | 4,140 | 3,413 | 4,151 |
| CA,N | 6,051 | 6,624 | 5,997 | 6,678 | 779 | 799 | 860 | 718 | 5,272 | 5,825 | 5,137 | 5,960 |
| CA,E | 5,465 | 4,197 | 3,897 | 5,765 | 1,069 | 748 | 804 | 1,013 | 4,396 | 3,449 | 3,093 | 4,752 |
| CA,C | 11,594 | 11,585 | 12,530 | 10,649 | 2,802 | 2,931 | 3,326 | 2,407 | 8,792 | 8,654 | 9,204 | 8,242 |
| CA,S | 2,017 | 2,646 | 2,668 | 1,995 | 554 | 582 | 712 | 424 | 1,463 | 2,064 | 1,956 | 1,571 |
| HI | 755 | 785 | 767 | 773 | 138 | 143 | 152 | 129 | 617 | 642 | 615 | 644 |
| ID | 692 | 567 | 582 | 677 | 178 | 138 | 146 | 170 | 514 | 429 | 436 | 507 |
| MT | 836 | 630 | 591 | 875 | 224 | 189 | 161 | 252 | 612 | 441 | 430 | 623 |
| NV | 2,464 | 2,232 | 2,149 | 2,547 | 351 | 312 | 318 | 345 | 2,113 | 1,920 | 1,831 | 2,202 |
| OR | 2,457 | 2,572 | 2,611 | 2,418 | 752 | 793 | 803 | 742 | 1,705 | 1,779 | 1,808 | 1,676 |
| WA,E | 635 | 736 | 777 | 594 | 243 | 291 | 341 | 193 | 392 | 445 | 436 | 401 |
| WA,W | 3,968 | 2,997 | 3,613 | 3,352 | 543 | 638 | 746 | 435 | 3,425 | 2,359 | 2,867 | 2,917 |
| GUAM | 81 | 39 | 80 | 40 | 37 | 18 | 41 | 14 | 44 | 21 | 39 | 26 |
| NMI | 52 | 47 | 34 | 65 | 9 | 12 | 10 | 11 | 43 | 35 | 24 | 54 |
| **10TH** | **9,847** | **10,089** | **10,812** | **9,124** | **2,297** | **2,396** | **2,598** | **2,095** | **7,550** | **7,693** | **8,214** | **7,029** |
| CO | 2,281 | 2,766 | 2,887 | 2,160 | 378 | 396 | 439 | 335 | 1,903 | 2,370 | 2,448 | 1,825 |
| KS | 1,535 | 1,537 | 1,598 | 1,474 | 359 | 457 | 451 | 365 | 1,176 | 1,080 | 1,147 | 1,109 |
| NM | 1,353 | 1,300 | 1,439 | 1,214 | 368 | 394 | 452 | 310 | 985 | 906 | 987 | 904 |
| OK,N | 1,036 | 779 | 929 | 886 | 221 | 170 | 216 | 175 | 815 | 609 | 713 | 711 |
| OK,E | 530 | 541 | 567 | 504 | 176 | 224 | 177 | 223 | 354 | 317 | 390 | 281 |
| OK,W | 1,294 | 1,576 | 1,713 | 1,157 | 336 | 350 | 424 | 262 | 958 | 1,226 | 1,289 | 895 |
| UT | 1,449 | 1,275 | 1,346 | 1,378 | 344 | 338 | 351 | 331 | 1,105 | 937 | 995 | 1,047 |
| WY | 369 | 315 | 333 | 351 | 115 | 67 | 88 | 94 | 254 | 248 | 245 | 257 |
| **11TH** | **23,637** | **26,166** | **28,080** | **21,723** | **5,972** | **5,163** | **6,206** | **4,929** | **17,665** | **21,003** | **21,874** | **16,794** |
| AL,N | 2,965 | 2,766 | 3,186 | 2,545 | 536 | 535 | 521 | 550 | 2,429 | 2,231 | 2,665 | 1,995 |
| AL,M | 1,227 | 1,274 | 1,244 | 1,257 | 226 | 197 | 191 | 232 | 1,001 | 1,077 | 1,053 | 1,025 |
| AL,S | 712 | 772 | 778 | 706 | 177 | 161 | 170 | 168 | 535 | 611 | 608 | 538 |
| FL,N | 1,305 | 1,498 | 1,540 | 1,263 | 422 | 368 | 443 | 347 | 883 | 1,130 | 1,097 | 916 |
| FL,M | 5,352 | 6,692 | 6,796 | 5,248 | 1,394 | 1,412 | 1,666 | 1,140 | 3,958 | 5,280 | 5,130 | 4,108 |
| FL,S | 6,397 | 6,829 | 7,528 | 5,698 | 2,200 | 1,378 | 1,934 | 1,644 | 4,197 | 5,451 | 5,594 | 4,054 |
| GA,N | 3,681 | 3,984 | 4,615 | 3,050 | 605 | 632 | 743 | 494 | 3,076 | 3,352 | 3,872 | 2,556 |
| GA,M | 1,034 | 1,194 | 1,168 | 1,060 | 233 | 288 | 295 | 226 | 801 | 906 | 873 | 834 |
| GA,S | 964 | 1,157 | 1,225 | 896 | 179 | 192 | 243 | 128 | 785 | 965 | 982 | 768 |

41

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICKY LEE HOLLY,                        )
                                        )
                  Plaintiff,            )
                                        )
v.                                      )        **Case No. 07cv729 (RJL)**
                                        )
THOMAS CHRISTENSEN, et al.,             )
                                        )
                  Defendants.           )

## ORDER

     UPON CONSIDERATION of the Motion to Dismiss filed by Defendant George Snyder, any opposition thereto, and the entire record herein, and the Court having concluded that good cause has been shown; it is hereby

     ORDERED that the Motion to Dismiss is GRANTED.

_____
The Honorable Richard J. Leon
United States District Judge

Dated: