IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICKY LEE HOLLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07cv729 (RJL) |
| ) | |
| WILLIE SCOTT and GEORGE ) | |
| SNYDER; ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT SNYDER'S ANSWER TO THE FIRST AMENDED COMPLAINT**

Defendant George Snyder ("Snyder"), by and through counsel, answers the First Amended Complaint filed against him as follows:

**NATURE OF THE CASE**

1. It is admitted that Mr. Holly has previously filed a lawsuit in federal court entitled *Holly v. Scott*. Except to the extent explicitly admitted, the allegations of Paragraph 1 are denied.

2. Denied.

**THE PARTIES**

3. It is admitted upon information and belief that Plaintiff Ricky Lee Holly was a resident of the District of Columbia. It is further admitted that Plaintiff Ricky Lee Holly was incarcerated in Rivers Correctional Institution, a privately run prison located in North Carolina and operated by GEO Group, Inc. pursuant to a written contract with the Federal Bureau of Prisons. Except to the extent explicitly admitted, the allegations of Paragraph 3 are denied.

4. It is admitted that Defendant Willie Scott was employed at Rivers Correctional Institution during a portion of Mr. Holly's incarceration. It is further admitted that Defendant Willie Scott served as Warden of Rivers Correctional Institution. It is admitted that Defendant

George Snyder was employed at Rivers Correctional Institution during a portion of Mr. Holly's incarceration. It is further admitted that Defendant George Snyder serves as the Warden of Rivers Correctional Institution. It is admitted that Plaintiff purports to sue these Defendants in their capacity as individuals. Except to the extent explicitly admitted, the allegations of Paragraph 4 are denied.

## JURISDICTION AND VENUE

5. Denied.

6. Denied.

7. Denied.

## STATEMENT OF FACTS

8. Admitted.

9. The provisions of D.C. Code § 24-101 speak for themselves and therefore require no response. To the extent a response is required, the answering defendant denies the allegations contained in Paragraph 9.

10. Paragraph 10 states a legal conclusion to which no response is required. To the extent a response is required, the answering defendant denies the allegations in Paragraph 10.

11. The terms of the Revitalization Act speak for themselves, and therefore no response is required. To the extent a response is required, the answering defendant denies the allegations in Paragraph 11.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. The first sentence of Paragraph 16 is admitted. Except to the extent explicitly admitted, the allegations of Paragraph 16 are denied.

17. Admitted.

18. The answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18, and therefore denies the same.

19. The answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19, and therefore denies the same.

20. It is admitted that Mr. Holly was incarcerated at Rivers Correctional Institution beginning on August 29, 2002. Except to the extent explicitly admitted, the allegations of Paragraph 20 are denied.

21. The answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21, and therefore denies the same.

22. Admitted.

23. It is admitted that diabetes is a serious, chronic medical condition that requires intervention, treatment, and daily monitoring by the individual with diabetes that can have grave consequences if the individual diabetic does not follow a proper treatment regimen. Except to the extent explicitly admitted, the allegations of Paragraph 23 are denied.

24. Denied.

25. Denied.

26. Admitted.

27. Admitted.

28. The answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 28, and therefore denies the same.

29. It is admitted that in *Holly v. Scott*, 434 F.3d 287 (4th Cir. 2006), *cert. denied*, 126 S.Ct. 2333, the Fourth Circuit Court of Appeals dismissed Plaintiff's complaint, holding that *Bivens* does not extend to actions against employees of private corporations such as the GEO Group. Except to the extent explicitly admitted, the allegations of Paragraph 29 are denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. It is admitted that Lieutenant Stephenson is under the control and supervision of the Warden of Rivers Correctional Institution. Except to the extent explicitly admitted, the allegations of Paragraph 40 are denied.

41. The answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 41, and therefore denies the same.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. The answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 54, and therefore denies the same.

55. The Bureau of Prisons Policy speaks for itself, and therefore no response is required to this allegation. To the extent a response is required, the allegations of this paragraph are denied.

56. Admitted.

57. Under certain circumstances, the Warden of Rivers Correctional Institution will review an appeal of a decision of a disciplinary hearing officer. Except to the extent explicitly admitted, the allegations of Paragraph 57 are denied.

58. There are a myriad of factors which are assessed by a disciplinary hearing officer regarding a decision to revoke good time credit from an inmate. Except to the extent explicitly admitted, the allegations of Paragraph 58 are denied.

59. The Bureau of Prisons Policy statement 1330.13 speaks for itself. To the extent a further response is required, the allegations of this paragraph are denied.

60. The answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 60, and therefore denies the same.

61. The answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 61, and therefore denies the same.

62. Denied.

63. Denied.

64. It is admitted that Mr. Holly reacted violently towards Rivers Correctional Institution staff who attempted to attend to his medical needs. Except to the extent explicitly admitted, the allegations of Paragraph 64 are denied.

65. It is admitted that Mr. Holly was taken to the Rivers Correctional Institution medical unit for treatment. Except to the extent explicitly admitted, the allegations of Paragraph 65 are denied.

66. Denied.

67. Denied.

68. Denied.

69. It is admitted that on December 17, 2004, Mr. Holly was in the Rivers Correctional Institution medical unit. It is further admitted that at one point Mr. Holly began using profanity and throwing objects against the closed door of his cell. Except to the extent explicitly admitted, the allegations of Paragraph 69 are denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. The Bureau of Prisons Policy on confinement in a Bureau of Prisons Halfway House speaks for itself. To the extent a further response is required, the allegations of this paragraph are denied.

75. It is admitted that there are a variety of benefits to an inmate being placed into a community corrections center. Except to the extent explicitly admitted, the allegations of Paragraph 75 are denied.

76. It is admitted that Defendant Snyder was the Warden of Rivers Correctional Institution at the time the decision was made as to whether Mr. Holly should be referred to a community corrections center. Except to the extent explicitly admitted, the allegations of Paragraph 76 are denied.

77. Denied.

78. Denied.

79. Denied.

80. It is admitted that Mr. Holly was released from Rivers Correctional Institution on August 9, 2005. Except to the extent explicitly admitted, the allegations in Paragraph 80 are denied.

## FIRST CLAIM FOR RELIEF

### Violation Of Mr. Holly's First Amendment Rights

81. The answering defendant incorporates his responses to paragraphs 1 through 80 as if set forth fully herein.

82. The provisions of the First Amendment to the United States Constitution speak for themselves. To the extent a further response is required to this allegation, the allegations of Paragraph 82 are denied.

83. Paragraph 87 states a legal conclusion to which no response is required. To the extent a response is required, the answering defendant denies the allegations in Paragraph 83.

84. Denied.

85. Denied.

## SECOND CLAIM FOR RELIEF

### Violation Of Fifth Amendment Right To Due Process

86. The answering defendant incorporates his responses to paragraphs 1 through 85 as if set forth fully herein.

87. The provisions of the Fifth Amendment to the United States Constitution speaks for themselves. To the extent a further response is required to Paragraph 87, the allegations in Paragraph 87 are denied.

88. Denied.

89. Denied.

## THIRD CLAIM FOR RELIEF

### Violation Of Eighth Amendment

90. The answering defendant incorporates his responses to paragraphs 1 through 89 as if set forth fully herein.

91. The provisions of the Eighth Amendment to the United States Constitution speaks for themselves. To the extent that a further response is required, the allegations of Paragraph 91 are denied.

92. Denied.

93. Denied.

94. Denied.

## JURY DEMAND

95.     It is admitted that Mr. Holly demands a trial by jury.  Except to the extent explicitly admitted, the allegations of Paragraph 95 are denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Venue is inappropriate in the District Court for the District of Columbia.

## THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the Prison Litigation Reform Act including, but not limited to, 42 U.S.C. § 1997e and 28 U.S.C. § 1995.

## FIFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims against the answering defendant are barred by sovereign immunity, governmental immunity, good faith immunity, qualified immunity, Eleventh Amendment immunity, and/or public officers immunity.  Such immunities are pled affirmative as a bar to plaintiff's suit.

## SIXTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrine of *res judicata* or collateral estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over the answering defendant.

WHEREFORE, Defendant Snyder request that this Court:

1. Dismiss Plaintiff's Complaint as frivolous, malicious, or for failure to state a claim upon which relief may be granted;

2. Tax the costs of this action against Plaintiff; and

3. Order a trial by jury be had with respect to all genuine issues.

This the 17th day of September, 2007.

_____
Paul A. Kaplan (D.C. Bar No. 243394)
Womble Carlyle Sandridge & Rice, PLLC
1401 Eye Street, NW, Seventh Floor
Washington, D.C. 20005
Telephone No.: (202) 467-6900

**Attorney for Defendant George Snyder**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 17, 2007, a copy of the foregoing ANSWER was filed electronically with the Clerk of Court using CM/ECF system with notice of case activity to be generated and sent electronically by the Clerk of Court to the following parties registered to receive such service:

>  Paul E. Poirot, Esquire
>  McDermott, Will & Emery
>  600 13th Street, N.W.
>  Washington, D.C.  20005
>  Telephone No.: (202) 756-8370
>  *Attorney for Plaintiff*

_____
Paul A. Kaplan (D.C. Bar No. 243394)
Womble Carlyle Sandridge & Rice, PLLC
1401 Eye Street, NW, Seventh Floor
Washington, D.C.  20005
Telephone No.:  (202) 467-6900

**Attorney for Defendant George Snyder**